IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARIUS SHERIDAN, #292389, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:16-cv-475-WKW |
| DENNIS MEEKS, *et al.*, | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Darius Sheridan, an indigent individual, in which he challenges the constitutionality of medical treatment provided to him for athlete's foot and the conditions to which he was subjected in June of 2016 while incarcerated at the Covington County Jail.

The order of procedure entered in this case instructed Sheridan to inform the court immediately of any change of address. Doc. 6 at 5–6. The docket indicates that Sheridan received a copy of this order and provided the court with a change of address upon his transfer from the county jail to the custody of the Alabama Department of Corrections, and thereafter upon his transfer within the state prison system. *See* Docs. 12 & 24.[1] The court, however, recently obtained information that Sheridan is no longer residing at the last address he provided to the court.

---

[1] In his latest Notice of change of Address (Doc. 24), Sheridan identified Ventress Correctional Facility as his place of incarceration. A recent search of the inmate database maintained by the Alabama Department of Corrections, located at http://doc.state.al.us/InmateSearch, indicates that Sheridan is no longer incarcerated within the state prison system.

Based on the foregoing, the court entered an order requiring Sheridan to inform the court of his current address no later than April 14, 2017. Doc. 34. This order specifically advised Sheridan that the case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. 34 at 1–2. As of the present date, the court has received no response from Sheridan to the aforementioned order, nor has he provided the court with his current address as required by the order of procedure.

For these reasons, Sheridan has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that, since his release from incarceration, Sheridan is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further ORDERED that on or before **May 18, 2017** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written

objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of May, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE